United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60602
Summary Calendar

_____

THANH H. TRAN; THI NGUYEN;
PHUC P. TRAN; PHI P. TRAN;
PHUONG TRAN,

Petitioners,

versus

JOHN ASHCROFT, UNITED STATES
ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(BIA Nos. A76 415 672, A72 451 556, A76 415 675
A76 415 674, A76 415 673)

_____

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The petition for review is dismissed in part and denied in part for the following

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

reasons:

1. Because the Board of Immigration Appeals (BIA) reopened and remanded proceedings concerning petitioner Phi P. Tran, to consider her application for adjustment of status on grounds of marriage to a United States citizen, there is no final order concerning her and her petition for review is dismissed for lack of jurisdiction.

2. The immigration judge (IJ) concluded that the other petitioners are not entitled to asylum because lead petitioner Thanh H. Tran (Tran) and his family had firmly resettled in Belgium before settling in the United States. See 8 U.S.C. § 1158(a)(2)(A); 8 C.F.R. §§ 208.13(c)(2)(B), 208.15 (2002). Tran argues that the law denying asylum to one who has firmly resettled in a third country has changed since he left Belgium for the United States, and that this change in the law should not be applied retroactively. We need not decide this question.

3. As an alternative basis for denying asylum and a basis for denying withholding of removal, the IJ found that Tran had not carried his burden of demonstrating a well-founded fear of persecution. Substantial evidence supports this finding. In reaching this conclusion, the IJ found portions of Tran's testimony lacking in credibility. We cannot say that the IJ's assessment of Tran's credibility was in error. "We give great deference to an immigration judge's decisions concerning an alien's credibility." Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).

4. We note that since Tran failed to meet the well-founded fear standard for asylum, he did not meet the higher standard for withholding of deportation. See Efe, 293

2

F.3d at 906.

5. Insofar as petitioners complain that the BIA failed to review the IJ's decision, the BIA is authorized to affirm the IJ without opinion, see 8 C.F.R. § 3.1(a)(7) (2002), as was done here, and the fact that the decision was affirmed without decision is not proof that the BIA failed to properly review the decision.

PETITION DISMISSED IN PART AND DENIED IN PART.